IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL BARBER and SHARLA BARBER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Cause No.: 1:18-cv-00706-JMS-MPB |
| v. | ) |
| | ) |
| ENDRESS+HAUSER FLOWTEC AG, INC. d/b/a | ) |
| ENDRESS+HAUSER FLOWTEC AG, INC. | ) |
| (DIVISION USA), and | ) |
| ENDRESS+HAUSER (USA) AUTOMATION | ) |
| INSTRUMENTATION, INC., | ) |
| | ) |
| Defendants. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS, ENDRESS+HAUSER FLOWTEC AG, INC. AND
ENDRESS+HAUSER (USA) AUTOMATION INSTRUMENTATION, INC.**

Defendants, Endress+Hauser Flowtec AG, Inc. and Endress+Hauser (USA) Automation Instrumentation, Inc., by counsel, Edward F. Harney, Jr., pursuant to Fed. R. Civ. P. 8(b), for their Answer to the Complaint of Plaintiffs, Michael Barber and Sharla Barber, now state as follows:

1. All of the matters complained of herein occurred in Johnson County, state of Indiana, on or about February 9, 2016.

**Answer:** Admit.

2. At all times relevant to this action, the property where Plaintiff Michael Barber was injured was owned, managed, occupied and/or controlled by Defendants Endress+Hauser Flowtec AG, Inc. dba Endress+Hauser Flowtec AG, Inc. (Division USA) and Endress+Hauser (USA) Automation Instrumentation, Inc.

**Answer:** Deny.

3. On February 9, 2016, Plaintiff Michael Barber was on the premises that was owned, managed, occupied and/or controlled by the Defendants when he was seriously injured.

**Answer:** Deny. Defendants did not own, manage, occupy or control the premises on which Plaintiff Michael Barber claims to have been injured on February 9, 2016.

4. At all times relevant to this action, Plaintiff Michael Barber was legally married to Sharla Barber and residents of the state of Pennsylvania. As a result of the facts and circumstances complained of below, Michael Barber's spouse suffered loss of consortium services in addition to economic losses due to the incapacitation and ultimate disability of her husband.

**Answer:** Upon information and belief, Defendants admit Plaintiffs are married and residents of the state of Pennsylvania. Defendants deny the remaining material allegations contained therein.

5. The Defendants were directly responsible for and owed a duty to the Plaintiff Michael Barber and that duty included, but was not limited to, maintaining their property in a safe and reasonable manner to avoid harm to individuals lawfully upon their premises.

**Answer:**  Deny.

6. At all times relevant to this action, Plaintiff Michael Barber was an invitee, for the purpose of conducting business, upon the premises owned, occupied, possessed, managed, and controlled by Defendants, and each of them.

**Answer:**  Deny.

7. Defendant Endress+Hauser Flowtec AG, Inc. dba Endress+Hauser Flowtec AG, Inc. (Division USA) has its principal place of business in Greenwood, Indiana and is organized under the laws of the state of Indiana.

**Answer:**  Deny.

8. Defendant Endress+Hauser (USA) Automation Instrumentation, Inc. has its principal place of business in Greenwood, Indiana and is organized under the laws of the state of Indiana.

**Answer:**  Admit.

## COUNT I – PREMISES LIABILITY

9. On or about February 9, 2016, Plaintiff Michael Barber was an invitee of the Defendants, and each of them, and therefore was lawfully on the property located at 2330 Endress Place, Greenwood, Indiana, due to a prior invitation extended to representatives of Plaintiff's employer, Benjamin Moore Paint Company.

**Answer: Deny.**

10. On February 9, 2016, the Defendants, and each of them, had a duty and responsibility to insure the safety and well-being of invitees upon property under their control.

**Answer:** Defendants admit they owed certain duties to invitees under Indiana law but deny the allegations correctly state the duty owed to invitees under Indiana law.

11. The Defendants, and each of them, had both actual and constructive notice that weather-related conditions made the premises which are the subject of this litigation both hazardous and dangerous.

**Answer:** Deny.

12. Notwithstanding the dangerous condition of the premises, Defendants extended an invitation to Plaintiff Michael Barber, for the purpose of conducting business, causing Michael Barber to enter the premises with another representative of Benjamin Moore Paint Company.

**Answer:** Deny.

13. The Defendants failed to act in a reasonable manner under the circumstances. Their failure included but not limited to removing, mitigating or curing the dangerous condition and/or giving warning of same to persons coming upon their premises.

**Answer:**  Deny.

14. The Defendants, and each of them, failed to exercise reasonable care in relationship to the condition of their premises, placing invitees at risk of serious and permanent injury.  As a direct result of the Defendants' breach of duty to Plaintiff Michael Barber, Michael Barber fell, and said fall resulted in a left cerebral hemorrhage, among other injuries, resulting in permanent and serious injury to Plaintiff Michael Barber.  Damages caused by Defendants' negligence and incurred and suffered by Plaintiff include but are not limited to physical injury and impairment, pain and suffering, emotional distress, and lost wages and earning capacity.

**Answer:**  Deny.

15. On the date and at the location in question, Michael Barber had a reasonable expectation that the property had been maintained in a safe and reasonable manner for his visit.

**Answer:**  Defendants lack knowledge of information sufficient to form a belief as to the truth of the material allegations asserted herein, and therefore deny same.

16. On February 9, 2016, the owner and/or possessor of the realty identified as 2330 Endress Place, Greenwood, Indiana, had reasonable notice of the weather-related dangers upon said property and failed to take reasonable corrective measures to insure the health, welfare and safety of invitees.

**Answer:**  Deny.

17. As a result of the aforementioned carelessness and negligence of the Defendants, and each of them, Plaintiff Sharla Barber has suffered loss of consortium services of her spouse as well as economic support expectations generated by said spouse prior to his injuries sustained on Defendants' premises.

**Answer:**  Deny.

Respectfully submitted,

/s/Edward F. Harney, Jr.
Edward F. Harney, Jr., Attorney No. 17365-45
HUME SMITH GEDDES GREEN & SIMMONS, LLP
54 Monument Circle, 4th Floor
Indianapolis, IN  46204-2996
Telephone (317) 632-4402
eharney@humesmith.com

Attorneys for Defendant, Endress+Hauser Flowtec AG, Inc. and Endress+Hauser (USA) Automation Instrumentation, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2018, I electronically filed the foregoing with the Clerk of the Court using the U.S. Mail and/or E-file system which sent notification of such to the following:

Richard D. Hailey
Ramey & Haley
P.O. Box 40849
Indianapolis, IN  46240
*Attorney for Plaintiffs*

Jacob R. Cox
Cox Law Office
1606 N. Delaware Street
Indianapolis, IN  46202
*Attorney for Plaintiffs*

/s/Edward F. Harney, Jr.
Edward F. Harney